UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MW BUILDERS, INC.,

      Plaintiff,

v.                                         Case No. 16-2340-JAR

FIRE PROTECTION GROUP, INC.,

      Defendant.

# ORDER

MW Builders, Inc. ("MW"), a general contractor, asserts negligence and breach-of-contract claims against Fire Protection Group, Inc. ("FPG"), a subcontractor, arising from FPG's installation of a fire suppression system during the construction of an apartment building owned by nonparty Lamey Bridge Senior Dev, LLC ("Lamey"). MW claims FPG's negligence and breach of contract resulted in the bursting of a pipe, which caused water damage to the interior of the building. MW seeks to recover the costs it incurred to repair the damage. Since the filing of the instant suit, Lamey has filed a related action against MW and FPG in the Circuit Court of Harrison County, Mississippi (the "Mississippi suit"),[1] and MW has brought a declaratory judgment action in this district court against FPG's insurer, Gemini Insurance Company (the "declaratory judgment action").[2]

MW now seeks to amend its complaint to assert a claim for contractual

---

[1] *Lamey Bridge Senior Dev., LLC v. MW Builders, Inc., et al.*, No. A2402-16-151.

[2] *MW Builders, Inc. v. Gemini Ins. Co.*, No. 17-2275-CM.

1

indemnification against FPG for the damages sought by Lamey in the Mississippi suit; clarify that MW's original breach-of-contract claim against FPG includes a claim for contractual indemnification for the claims asserted by Lamey that MW paid for, are subrogated to, and covered under the contractual indemnity agreement between MW and FGP; and assert a claim that MW is owed its attorney's fees under the subcontract for its prosecution of the declaratory judgment action, the instant case, and its defense of the Mississippi suit (ECF No. 49). For the reasons set forth below, the motion is granted.

As an initial matter, the court observes that FPG doesn't oppose MW's motion in its entirety. Specifically, FPG doesn't oppose MW's proposed amendment to assert a claim for attorney's fees under the subcontract for MW's prosecution of the instant matter, on the basis that MW's original petition asserts that claim in its prayer for relief on the breach-of-contract claim. Accordingly, the court grants plaintiff's motion as unopposed with respect to this amendment, and proceeds to evaluate the remaining proposed amendments.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[3] When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[4] Rule

---

[3] Fed. R. Civ. P. 15(a)(2).

16(b)(4) provides that a scheduling order may be modified "only for good cause." Thus, the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[5] In this case, the scheduling order set a deadline of October 17, 2016, for amending the pleadings.[6] Because MW didn't file the instant motion until July 27, 2017, the court will begin its analysis by applying Rule 16's good-cause standard.

### A. Rule 16(b)(4)

To establish "good cause" under Rule 16(b)(4), MW must show it could not have met the October 17, 2016 scheduling-order deadline for amending pleadings despite its "diligent efforts."[7] "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred."[8] "While a scheduling order is not a frivolous piece of

---

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

[5] *Id.* at 1241. If the court finds good cause lacking, it need not reach the Rule 15(a) issue. *Id.* at 1242.

[6] ECF No. 7 at 7. Neither the amended scheduling order (ECF No. 25) nor the second amended scheduling order (ECF No. 51) modified the deadline for amendment of pleadings.

[7] *Gorsuch*, 771 F.3d at 1240.

paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[9] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[10]

MW claims it could not have amended its complaint to assert its proposed contractual-indemnity claims before the October 17, 2016 deadline because Lamey had not yet filed the Mississippi suit against MW and FPG, and MW had not filed the declaratory judgment action against FPG's insurer, Gemini Insurance Company ("Gemini"). MW explains its declaratory judgment action was precipitated by Gemini's alleged failure and refusal to respond to MW's tender for defense and indemnity.

The court finds good cause for the proposed amendments arising from the Mississippi suit and the declaratory judgment action (i.e., MW's proposed claim for contractual indemnification for the damages sought by Lamey in the Mississippi suit, and MW's proposed claim for attorney's fees under the subcontract for its defense of the Mississippi suit and its prosecution of the declaratory judgment action). FPG doesn't dispute that the Mississippi suit and the declaratory judgment action were filed on November 9, 2016, and May 15, 2017, respectively, after the deadline expired for amending pleadings. MW sought leave to amend within six months of being served with

---

[8] *Id.* at 1240 (internal citations omitted).

[9] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal quotations omitted).

[10] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

the Mississippi suit,[11] and within three months of filing the declaratory judgment action. The court finds that MW has been sufficiently diligent with respect to these amendments.

As previously indicated, MW also seeks to clarify that its original breach-of-contract claim includes a claim for contractual indemnification. Although a closer call, the court finds the proposed "clarification" sufficiently related to the above amendments to support a finding of good cause.

**B. Rule 15(a)**

Because MW has satisfied Rule 16(b)(4)'s good-cause standard, the court goes on to the Rule 15(a) analysis. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[12] FPG argues that MW should be denied leave to amend its complaint on the basis of undue delay, prejudice, and futility.

FPG argues MW unduly delayed in seeking to clarify its original breach-of-contract claim, claiming the amendment is neither a clarification of an existing claim, nor dependent on the filing of the Mississippi suit. FPG also claims MW unduly delayed

---

[11] According to FPG, MW was not served with the Mississippi suit until February, 2017. ECF No. 53 at 10.

[12] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

5

with respect to its proposed claims for contractual indemnification for the damages sought by Lamey in the Mississippi suit, and for attorney's fees for its defense of the Mississippi suit, on the basis that MW waited six months after being served with the Mississippi suit to file its motion to amend. MW simultaneously argues these claims are premature. FPG asserts that MW's claim for attorney's fees for its prosecution of the declaratory judgment action is futile, arguing there is no provision in the subcontract providing that FPG is liable for MW's attorney's fees incurred as a result of suits brought by MW against third parties. Finally, FPG claims it will be prejudiced by the newly-asserted claims at this stage of the proceedings.

For the same reasons the court concluded that MW has been sufficiently diligent in seeking its proposed amendments, the court rejects FPG's assertions of undue delay. Additionally, on this record, the court declines to find that the amendments are futile, and instead defers consideration of FPG's futility arguments to the presiding U.S. District Judge, if and when FPG files a motion to dismiss the amended complaint. Finally, although the court is unpersuaded MW's attempting to "sandbag" FPG in seeking to amend its complaint, the court recognizes the potential prejudice to FPG resulting from an amended complaint at this stage of the proceedings. Specifically, the court observes that while discovery remains open until December 27, 2017, the expert-disclosure deadlines have passed. Accordingly, to alleviate any prejudice to FPG, and to ensure no tactical advantage to MW in seeking to amend its complaint at this juncture, the court will favorably entertain a motion by FPG to designate experts on any new claims,

affording MW the opportunity to designate only rebuttal experts; any such motion by FPG, however, must be filed by **September 18, 2017**.

IT IS SO ORDERED.

Dated September 7, 2017, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge